# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CRAIG LAVON ATCHISON,<br>#192447,<br><br>Petitioner,<br><br>v.<br><br>WARDEN of Broad River<br>Correctional Institution,<br><br>Respondent. | )<br>)<br>) CIVIL ACTION NO. 9:10-2059-SB-BM<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on August 4, 2010.[1]

The Respondent filed a return and motion for summary judgment on December 29, 2010. As the Petitioner is proceeding pro se, a Roseboro order was filed on January 4, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On February 3, 2011, Petitioner filed a response in opposition and supporting affidavit.

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in September 2001 in Newberry County for burglary, larceny, and possession of a firearm or knife during the commission of a violent crime [Indictment No. 01-GS-36-398]. (R.pp. 252-254). Petitioner was represented by W. Chad Jenkins, Esquire, and after a trial by jury on May 24, 2002, was found guilty as charged. (R.pp. 1-251). The trial judge sentenced the Petitioner to thirty (30) years for burglary, five (5) years for the weapons charge, and thirty (30) days for larceny, with all sentences running concurrently. (R.pp. 248-250).

Petitioner filed a timely appeal, and was represented on appeal by Robert Pachak of the South Carolina Office of Appellate Defense. Petitioner raised the following issues on appeal:

1. Whether the trial court erred in admitting more than two (2) previous convictions against appellant for burglary in the second degree when they were unduly prejudicial?

2. Whether the trial court erred in refusing to redact the five (5) prior burglary indictments against appellant which included other crimes not relevant to the charges for which appellant was on trial and which placed appellant's character into issue?

(Supplemental Record, p. 21).

On May 14, 2004, the South Carolina Court of Appeals affirmed Petitioner's conviction. See State v. Atchison, 2004-UP-325 (S.C.Ct.App. May 14, 2004) (Supplemental Record, p. 2). The Remittitur was issued on June 3, 2004. (Supplemental Record, p. 1). Petitioner did not seek certiorari to the South Carolina Supreme Court.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Petitioner then filed an Application for Post Conviction Relief ("APCR") in state circuit court on August 19, 2004. Atchison v. State of South Carolina, No.2004-CP-36-331. (R.pp. 258-262)[3]; see also Petitioner's Memorandum in Opposition, p.2. Petitioner raised the following issues in his APCR:

1. Ineffective Assistance of Trial Counsel.

(R.pp. 259, 326).

Petitioner was represented in his APCR by David W. Melnyk, Esquire, and an evidentiary hearing was held on November 6, 2007. (R.pp. 267-324). On March 6, 2008, the PCR judge filed an order dated February 20, 2008, denying the petition in its entirety. (R.pp. 325-335).

The Petitioner filed a timely appeal. Petitioner was represented by Katherine Hudgins, Appellate Defender with the South Carolina Commission on Indigent Defense, who raised the following issue:

> Did the PCR judge err in refusing to find counsel ineffective for not moving for a new trial when one of the jurors admitted that she and other jurors considered evidence of appellant's five prior burglary convictions as substantive evidence that he was guilty of the burglary for which he was on trial?

See Petition, p. 2.

The South Carolina Supreme Court denied the petition for writ of certiorari in a letter order dated September 3, 2009. Atchison v. State, (S.C.Sup.Ct. filed September 3, 2009). See Court Docket No. 22-1, p. 5. The Remittitur was issued on September 21, 2009. See Court Docket No. 22-1, p. 4.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

---

[3]The copy of the PCR application filed appears to be incomplete.



**Ground One:** Ineffective Assistance of Counsel;

**Ground Two:** The trial court erred in refusing to redact the five (5) prior burglary indictments [of] appellant because they included other crimes;

**Ground Three:** Whether the trial court erred in admitting more than two (2) previous convictions against appellant for burglary;

**Ground Four:** Directed Verdict Violation;

**Ground Five:** The trial court erred in denying appellant's motion for a new trial after the jury mistakenly received and reviewed appellant's five (5) prior convictions which were not supposed to be considered in the trial. (Memo, p. 10);

**Ground Six:** The PCR judge erred in refusing to find trial counsel ineffective for not moving for a new trial when one of the jurors admitted to trial counsel that she and other jurors considered evidence of appellant's five (5) prior burglary convictions as substantive evidence that he was guilty of the burglary for which he was on trial. (Memo, pp. 11-18);

**Ground Seven:** The State violated the requirements of Brady v. Maryland, by failing to disclose deals reached with co-defendant. (Memo, pp. 18-21);

**Ground Eight:** The Defendant's statement was made after he was under the influence of alcohol and tested positive for drugs. (Memo, pp. 22-24); and

**Ground Nine:** The jury was tainted when the trial judge refused to strike for cause Juror Michael Mills, juror 73, who was an uncle of Lt. Welsey Boland, a witness. Tr.p. 16. (Memo, pp. 25-27).

See Petition, pp. 5–9 & attachments.[4]

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

[4]Several of these Grounds are argued in Petitioner's attachment. They are set forth hereinabove as indexed by the Respondent in his Memorandum, at pp. 7-8.

4



of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent contends in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[5] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

---

[5]Antiterrorism and Effective Death Penalty Act of 1996.



limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Petitioner's convictions became final on June 3, 2004, the date the South Carolina Court of Appeals issued the Remittitur.[6] By the time Petitioner filed his APCR on August 19, 2004, seventy-six (76) days had passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on September 21, 2009.[7] See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). Petitioner then had until July 7, 2010 (365 days - 76 days = 289 days) to timely file his federal habeas petition. The Petitioner failed to do so. Rather, by the time Petitioner filed this federal habeas petition on August 4, 2010, three hundred and seventeen (317)

---

[6]The Petitioner is not entitled to toll the ninety (90) days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir. 2001); Reddock v. Ozmit, No. 09-204, 2010 WL 568870 at **3-5 (D.S.C. Feb. 11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10-987, 2010 WL 5691646 (D.S.C. Sept. 7, 2010); Martino v. Cartledge, No. 09-527, 2010 WL 569093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07-1081, 2008 WL 2922860 (D.S.C. July 24, 2008).

[7]The period is tolled until the date that the Remittitur is issued. See SCACR 221(b); see also Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].



6

days[8] of additional non-tolled time had accrued since the final disposition in his APCR.

When the pre-PCR time period (76 days) and the post-PCR time period prior to Petitioner's filing of his federal habeas petition (317 days) are added, three hundred and ninety-three (393) days of non-tolled time passed from when Petitioner's period of limitations started to run on June 3, 2004, and the filing of this federal petition, a time period outside of the one (1) year federal statute of limitations. Hence, Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328.

Finally, Petitioner argues that he is entitled to some type of equitable tolling based on his misunderstanding about when his time to file started to run. The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to

---

[8] 2004 was a leap year and the month of February had 29 days.



toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner is not entitled to equitable relief based on his misunderstanding of when the time started to run under the statute; cf. Harris, 209 F.3d at 330-331 (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)([refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation]); and Petitioner has not otherwise shown that any extraordinary circumstances prevented him from timely filing his petition.[9]  Therefore, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition.  Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."].

Accordingly, Petitioner is not entitled to any equitable relief, and he is therefore barred

---

[9]In addition to his alleged "misunderstanding", Petitioner also appears to argue that his PCR appellate counsel should have filed his PCR appeal sooner. However, none of the time from the date of the order of the PCR judge's decision to the filing of his PCR appeal counted as non-tolled time. Therefore, the timing of his PCR appeal did not affect his deadlines. Further, while Petitioner also attempts to argue that he possibly relied on improper advice from this PCR appellate counsel and has attached certain correspondence, none of that correspondence shows any indication that Petitioner was advised that he had an additional year to file a federal petition after the remittitur was issued in his PCR appeal.



from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 26, 2011

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

