IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Craig Lavon Atchison, #192447,   )
                                 )
        Petitioner,              )     Civil Action No. 9:10-2059-SB
                                 )
v.                               )
                                 )
Warden of Broad River            )     **ORDER**
Correctional Institution,        )
                                 )
        Respondent.              )
_____)



This matter is before the Court on Petitioner Craig Lavon Atchison's ("Atchison" or "the Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b) and the Local Rules for this district. In the R&R, Magistrate Judge Bristow Marchant recommends that the Court find the instant petition untimely and grant the Respondent's motion for summary judgment. Attached to the R&R was a notice advising the parties of the right to file written objections to the R&R within 14 days of being served with a copy of the report. See 28 U.S.C. § 636(b)(1). The Petitioner filed timely objections to the R&R, and the matter is ripe for review.

## BACKGROUND

In September of 2001, the Petitioner was indicted in Newberry County for burglary, larceny, and possession of a firearm or knife during the commission of a violent crime. Attorney W. Chad Jenkins represented the Petitioner at trial, and on May 24, 2002, a jury convicted the Petitioner. The trial judge sentenced the Petitioner to 30 years for burglary, five years for the weapons charge, and 30 days for larceny, all to run concurrently.

The Petitioner filed a timely appeal and was represented on appeal by attorney Robert Pachak of the South Carolina Office of Appellate Defense. On appeal, the Petitioner raised the following issues:

1. Whether the trial court erred in admitting more than two (2) previous convictions against appellant for burglary in the second degree when they were unduly prejudicial?

2. Whether the trial judge erred in refusing to redact the five (5) prior burglary indictments against appellant which included other crimes not relevant to the charges for which appellant was on trial and which places appellant's character into issue?

(Supplemental Record at 21.)

On May 14, 2004, the South Carolina Court of Appeals affirmed the Petitioner's conviction, and the Remittitur was issued on June 3, 2004. See State v. Atchison, 2004-UP-325 (S.C. Ct.App. May 14, 2004). The Petitioner did not file a petition for a writ of certiorari with the South Carolina Supreme Court.

On August 19, 2004, the Petitioner filed a post-conviction relief ("PCR") application in state court, alleging ineffective assistance of counsel. Atchison v. State of South Carolina, No.2004-CP-36-331. On November 6, 2007, the PCR court held an evidentiary hearing at which the Petitioner appeared, represented by attorney David W. Melnyk. By order dated February 20, 2008, the PCR judge dismissed the PCR petition in its entirety.

The Petitioner filed a timely appeal of the dismissal of his PCR application. Katherine Hudgins, Appellate Defender with the South Carolina Commission on Indigent Defense, represented the Petitioner on appeal, where the Petitioner raised this issue:

Did the PCR judge err in refusing to find counsel ineffective for not moving for a new trial when one of the jurors admitted that she and other jurors considered evidence of appellant's five prior burglary convictions as substantive evidence that he was guilty of the burglary for which he was on

2

trial?

(PCR Appeal at 2.)

In a letter dated September 3, 2009, the South Carolina Supreme Court denied a writ of certiorari, and it issued the Remittitur on September 21, 2009.

The Petitioner filed the instant section 2254 on August 4, 2010, raising these issues:

> **Ground One:** Ineffective Assistance of Counsel;
> **Ground Two:** Trial court erred in refusing to redact the five (5) prior burglary indictments [of] appellant because they included other crimes;
> **Ground Three:** Whether the trial court erred in admitting more than two (2) previous convictions against appellant for burglary;
> **Ground Four:** Directed Verdict Violation;
> **Ground Five:** Trial Court erred in denying appellant's motion for a new trial after the jury mistakenly received and reviewed appellant's five (5) prior convictions which were not supposed to be considered in the trial;
> **Ground Six:** The PCR judge erred in refusing to find trial counsel ineffective for not moving for a new trial when one of the jurors admitted to trial counsel that she and other jurors considered evidence of appellant's five (5) prior burglary convictions as substantive evidence that he was guilty of the burglary for which he was on trial;
> **Ground Seven:** The State violated the requirements of Brady v. Maryland, by failing to disclose deals reached with co-defendant;
> **Ground Eight:** The Defendant's statement was made after he was under the influence of alcohol and tested positive for drugs; and
> **Ground Nine:** The jury was tainted when the trial judge refused to strike for cause Juror Michael Mills, juror 73, who was an uncle of Lt. Welsey Boland, a witness.

(Entry 1 at 5-9.)

## STANDARD OF REVIEW

### I. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty

Lobby, Inc., 447 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. V. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.   The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261, 270-71 (1976). This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may "accept, reject, or modify, in whole or in part, the recommendations" contained in that R&R. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for the objection. Id. After a review of the entire record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and therefore, the Court adopts the R&R.

## DISCUSSION

### I.   The instant petition is untimely.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitations applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28

U.S.C. § 2244(d)(1). The limitation period for filing a section 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Additionally, section 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, a state PCR proceeding must be "properly filed" for the statutory tolling provisions of section 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed." Pace v. DiGulielmo, 544 U.S. 408 (2005).

Here, as set forth by the Magistrate Judge, the Petitioner filed a direct appeal of his

5

conviction, and his conviction became final on June 3, 2004, the date when the South Carolina Court of Appeals issued the Remittitur.[1] By the time Petitioner filed his PCR application on August 19, 2004, 76 days had passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of his PCR, until the issuance of the Remittitur on September 21, 2009. Then, the Petitioner had another 289 days to file a timely section 2254 petition, or until July 7, 2010. However, the Petitioner did not file his petition until August 4, 2010, rendering it untimely.

## II.    The Petitioner is not entitled to equitable tolling.

Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Thus to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own

---

[1] As the Magistrate Judge noted in footnote 6, the Petitioner is not entitled to toll the 90 days to seek certiorari from the United States Supreme Court because he did not seek review from the SoutH Carolina Supreme Court. See Pfeil v. Everett, 9 F. App'x 973, 977 (10th Cir. 2001); Reddock v. Ozmint, 2010 WL 568870 at **3-5 (D.S.C. Fen. 11, 2010); Anderson v. Warden of Evans Corr. Inst., 2010 WL 5691646 (D.S.C. Sept. 7, 2010); Martino v. Cartledge, 2010 WL 569093 (D.S.C. Jan. 4, 2010); Hammond v. Hagan, 2008 WL 2922860 (D.S.C. July 24, 2008).

6

conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

In the R&R, the Magistrate Judge determined that the Petitioner failed to show that he is entitled to equitable tolling based on his misunderstanding of when the limitations period began to run under the statute. See Sosa, 364 F.3d at 512 (finding that ignorance of the law is not a basis for equitable tolling and that Sosa's misunderstanding about the operation of the statute of limitations was "neither extraordinary nor a circumstance external to his control"); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (citing Brown v. New Orleans Steamship Ass'n, 932 F.2d 473, 478 (5th Cir. 1991), where the Fifth Circuit Court of Appeals refused to apply equitable tolling when the delay in filing was the result of the plaintiff's unfamiliarity with the legal process or his lack of representation). Essentially, the Magistrate Judge found that the Petitioner has not met his burden of showing that extraordinary circumstances prevented him from timely filing his petition.

In his objections to the R&R, the Petitioner essentially admits that he did not timely file his petition; however, he asserts that the statute of limitations should be equitably tolled. Despite this assertion, instead of providing the Court with extraordinary circumstances beyond his control to justify equitable tolling, the Petitioner simply uses his objections to rehash his claims of ineffective assistance of counsel and to reiterate his assertion that he is entitled to an evidentiary hearing and relief. After a thorough review of the record, the Court finds these objections to be without merit. Moreover, the Court agrees with the Magistrate Judge both that the instant petition is untimely and that the Petitioner is not entitled to equitable tolling because he has failed to show that extraordinary circumstances beyond his control prevented him from filing on time.

## CONCLUSION

7

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 25) is adopted; the Respondent's motion for summary judgment (Entry 18) is granted; the Petitioner's objections (Entry 27) are overruled; and this matter is ended.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

July **11**, 2011
Charleston, South Carolina

